# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARFIELD E. HATFIELD,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0798** (BOR Appeal No. 2048061)
(Claim No. 2010113189)

**ROCKHOUSE CREEK DEVELOPMENT, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Garfield E. Hatfield, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockhouse Creek Development, LLC, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 5, 2013, in which the Board affirmed a January 2, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 29, 2011, decision which granted Mr. Hatfield a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hatfield, a shuttlecar operator, was injured in the course of his employment on November 4, 2009, while shoveling coal. The claim was held compensable for other affections of the shoulder; bicipital tenosynovitis; and sprain/strain of the lumbosacral spine, rotator cuff, pelvis, and lumbar region. As a result of his compensable injury, Mr. Hatfield was found to have a small partial thickness tear of the rotator cuff. He underwent surgery to treat the condition on May 7, 2010. Progress notes from his surgeon, Stanley Tao, M.D., indicate that by January 6,

1

2011, Mr. Hatfield's tear was stable and he had no restrictions. Continued pain in the left shoulder was determined to likely be chronic in nature.

Mr. Hatfield underwent three independent medical evaluations in order to determine the amount of permanent impairment sustained as a result of the compensable injury. The first evaluation was performed by Prasadarao Mukkamala, M.D., on November 2, 2010. Dr. Mukkamala noted that Mr. Hatfield had returned to work with no restrictions. He also noted that Mr. Hatfield reported numerous prior lower back injuries and permanent partial disability awards. Dr. Mukkamala diagnosed lumbar sprain and status post arthroscopic rotator cuff repair, acromioplasty, and bursectomy of the left shoulder. He found Mr. Hatfield to be at maximum medical improvement and assessed 5% whole person impairment for the left shoulder and no additional impairment for the lumbar spine.

Bruce Guberman, M.D., performed an independent medical evaluation on November 15, 2011. He also noted that Mr. Hatfield had three previous lower back injuries. He diagnosed chronic post-traumatic strain of the left shoulder and post-traumatic acute and chronic lumbosacral strain. He opined that Mr. Hatfield had reached maximum medical improvement and assessed 8% left shoulder impairment. He stated that Mr. Hatfield had already been fully compensated for his lumbar spine impairment by prior permanent partial disability awards.

The final independent medical evaluation was performed by Bill Hennessey, M.D., on August 20, 2012. Dr. Hennessey noted that Mr. Hatfield underwent left shoulder surgery that repaired a torn rotator cuff and treated osteoarthritis which eliminated his impingement syndrome. At the time of the evaluation, Mr. Hatfield was no longer receiving medical treatment for his compensable injuries. Dr. Hennessey opined that he had reached maximum medical improvement and assessed 2% impairment for the left shoulder and no additional impairment for the lower back.

The claims administrator granted Mr. Hatfield a 5% permanent partial disability award for the left shoulder on August 29, 2011. The Office of Judges affirmed the decision in its January 2, 2013, Order. The Office of Judges found that Mr. Hatfield was examined by three physicians, all of whom determined that he had sustained no additional lumbar spine impairment after taking into consideration pre-existing lumbar spine injuries and prior permanent partial disability awards. The Office of Judges therefore held that Mr. Hatfield was entitled to no additional permanent partial disability award for the lumbar spine.

In regard to the left shoulder, the Office of Judges found that Dr. Hennessey's report was not as reliable as the other independent medical evaluations of record. Dr. Hennessey found no range of motion impairment for internal and external rotation. This was determined to be at odds with the findings of Drs. Mukkamala and Guberman who both found that Mr. Hatfield had 2% upper extremity impairment for internal rotation and 1% upper extremity impairment for external rotation. The Office of Judges stated that this did not render the other components of Dr. Hennessey's impairment findings to be unreliable. Between the reports of Dr. Mukkamala and Dr. Guberman, Dr. Mukkamala's report was found to be the most reliable because it was in accord with the evidentiary record. The Office of Judges determined that since October of 2010,

Mr. Hatfield has had fifty degrees of extension in his left shoulder which correlates to 0% upper extremity impairment as noted in Dr. Tao's treatment notes. Dr. Mukkamala also found fifty degrees of extension in his independent medical evaluation, and Dr. Hennessey found full range of motion. Dr. Guberman was found to be the only physician of record after October of 2010 to find an impairment for extension of the left shoulder. Furthermore, Dr. Guberman's finding of 4% upper extremity impairment for abduction was found to be inconsistent with the evidence of record. Dr. Mukkamala reported 2% upper extremity impairment for abduction and Dr. Hennessey found 1% impairment for the same. Dr. Guberman's finding of 4% was determined to be excessive in light of the evidentiary record.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 5, 2013, decision. On appeal, Mr. Hatfield argues that the independent medical evaluations of record are of equal evidentiary weight and the matter should therefore be resolved in his favor per the report of Dr. Guberman. Rockhouse Creek Development, LLC, asserts that Dr. Guberman's left shoulder findings were clearly at odds with the other evaluations of record as well as evidence from Mr. Hatfield's physical therapist and treating physician.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Hatfield is entitled to a 5% permanent partial disability award for his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II